IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SETH RODGERS, #306637, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-199-WHA |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Seth Rodgers, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on March 20, 2019.  After reviewing the complaint, the court deemed it necessary that Rodgers file an amended complaint and provided him an opportunity to do so.  A detailed order was therefore issued explaining the need for an amended complaint and providing Rodgers specific instructions with respect to filing the amended complaint.  Doc. 4 at 1–3.  The court specifically cautioned Rodgers that his failure to comply with the directives of this order would result in a Recommendation that this case be dismissed.  Doc. 4 at 3.

The time allowed Rodgers to file the amended complaint expired on April 10, 2019. As of the present date, Rodgers has failed to file an amended complaint as required by this court. In light of Rodgers' failure to file the requisite amended complaint, the court concludes that this case should be dismissed.  *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing

amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file an amended complaint as ordered by this court.

On or before **May 2, 2019**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District

Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 18th day of April, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE